UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TALISMAN SPECIALTY UNDERWRITERS, INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-893** |
| **NORTH AMERICAN CASUALTY CO., ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this insurance-underwriting dispute is the motion[1] of Defendants North American Casualty Co. and Applied Underwriters, Inc. to dismiss the original petition of Plaintiffs Talisman Specialty Underwriters, Inc. and Talisman Holding Company, Inc. for lack of personal jurisdiction and for failure to state a claim under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Because the Court holds that Talisman Specialty and Talisman Holdings have not carried their burden to plead facts sufficient to make a *prima facie* case of personal jurisdiction over North American and Applied, the Court does not reach North American and Applied's alternative arguments under Rule 12(b)(6). *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93–102 (1998)).

---

[1] ECF No. 13.

The alleged facts material to the personal-jurisdiction analysis are straightforward and few. Talisman Specialty and Talisman Holdings sued North American and Applied in the 22nd Judicial District Court for the Parish of St. Tammany.[2] North American and Applied are corporations organized under the laws of Nebraska; each has its principal place of business in Omaha.[3] Talisman Specialty and Talisman Holdings have their "principal business establishment" in Slidell.[4]

In their four-count original petition, Talisman Specialty and Talisman Holdings bring two breach-of-contract claims against North American and two claims based on intentional-tortious conduct against both North American and Applied. For the two breach-of-contract claims against North American, Talisman Specialty and Talisman Holdings generally allege that North American breached (1) a stock purchase agreement (the "SPA");[5] and (2) a managing general agent agreement (the "First MGA").[6] The original petition does not allege facts establishing that negotiations tied to the SPA or the First MGA occurred in Louisiana; that the SPA or the First MGA was executed in Louisiana; that any of the acts constituting North American's alleged breaches of the SPA or the First MGA occurred in Louisiana; that the relationship between Talisman Specialty and Talisman Holdings, on the one hand, and North American, on the other, was centered in Louisiana; or that the SPA or the First MGA envisioned continuing and wide-reaching contacts in Louisiana.

---

[2] *See generally* ECF No. 1-2.
[3] *Id.* at ¶¶ 1–2.
[4] *Id.* at ¶ 5.
[5] *Id.* at ¶¶ 30–39 (Count I).
[6] *Id.* at ¶¶ 40–46 (Count II).

2

For the two claims based on intentional-tortious conduct, Talisman Specialty and Talisman Holdings allege that both North American and Applied are liable for (1) common-law fraud, fraud under Louisiana Civil Code Article 1953, and violations of the Louisiana Unfair Trade Practices Act by "fraudulently entering into" the SPA and the First MGA and by "engaging in a course of conduct aimed at repudiating, impeding, and preventing" Talisman Specialty and Talisman Holdings "from exercising their rights under" the SPA and the First MGA;[7] and (2) breaching the covenant of good faith and fair dealing implied in the SPA and in the First MGA based on essentially the same alleged misconduct.[8] The original petition does not allege that either North American or Applied committed an intentional act directed at Louisiana.

North American and Applied removed[9] the case based on diversity jurisdiction, 28 U.S.C. § 1332(a)(1), and now move to dismiss under Rule 12(b)(2).[10]

Federal Rule of Civil Procedure 12(b)(2) permits North American and Applied to move to dismiss the original petition for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2). Because the Court has not held an evidentiary hearing on the motion to dismiss, the Court "must accept as true the uncontroverted allegations" in the original petition. *See Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024) (quotation and citation omitted). Talisman Specialty and Talisman Holdings "ha[ve] the burden to make a *prima facie* showing that personal jurisdiction is proper." *Id.* (quotation and citation omitted). Importantly, "the *prima-*

---

[7] *Id.* at ¶¶ 47–56 (Count III).
[8] *Id.* at ¶¶ 57–60 (Count IV).
[9] *See generally* ECF No. 1.
[10] ECF No. 13.

3

*facie*-case requirement does not require the [C]ourt to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (italics added) (citations omitted).

As a federal court sitting in diversity, the Court has personal jurisdiction over North American and Applied if (1) Louisiana's long-arm statute allows it; and (2) exercising personal jurisdiction over North American and Applied would not violate the Due Process Clause of the Fourteenth Amendment. *See Shumbaugh & Son, L.P.*, 91 F.4th at 372. Those two inquiries merge here because "[t]he limits of the Louisiana Longarm Statute and the limits of constitutional due process are effectively coextensive." *Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 318 (5th Cir. 2020) (quotation and citation omitted). So "the sole inquiry is whether exercising jurisdiction would violate the Due Process Clause." *Id.* (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 242–43 (5th Cir. 2008)).

Consistent with due process, personal jurisdiction comes in two forms—general and specific. *See Shambaugh & Son, L.P.*, 91 F.4th at 372. "General personal jurisdiction applies 'only when a defendant is essentially at home'" in the forum, "and any and all claims may be brought against a defendant wherever it is subject to such jurisdiction." *Id.* (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021)). "[S]pecific personal jurisdiction is narrower and attaches only when there is a sufficient connection between a defendant's forum-related contacts and a plaintiff's cause of action." *Id.* (citing *Ford Motor Co.*, 592 U.S. at 359).

Here, Talisman Specialty and Talisman Holdings fail to plead facts sufficient to make a *prima facie* case of general personal jurisdiction. "For general jurisdiction to be present," North American and Applied must have "sufficiently systematic and continuous contacts with" Louisiana such that they "feel[ ] at home in" Louisiana. *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 898 (5th Cir. 2024) (quotation and citations omitted). As corporations, North American and Applied are "at home" where they are incorporated and where their principal place of businesses are located. *Id.* (citation omitted). Neither North American nor Applied is "at home" in Louisiana under that metric: Both are incorporated in Nebraska and have their principal place of business in Omaha. That means Talisman Specialty and Talisman Holdings must rely on "exceptional circumstances" that are "incredibly difficult to establish" to make a *prima facie* case of general personal jurisdiction over North American and Applied. *Id.* (quotation omitted). The original petition's well-pleaded factual allegations do not clear that high bar. Taken as true and viewed in Talisman Specialty and Talisman Holdings' favor, the well-pleaded allegations of the original petition do not establish that this is "the exceptional case where [North American and Applied's] corporate operations are so substantial and of such a nature as to render [them] at home in" Louisiana. *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 338 (5th Cir. 2020) (quotation omitted). So the Court lacks general personal jurisdiction over North American and Applied based on the allegations of the original petition alone.[11]

---

[11] Talisman Specialty and Talisman Holdings do not cite authority for their argument that North American and Applied are subject to general jurisdiction simply because they have a registered office and an agent for service of process in Louisiana. ECF No. 20 at 20. *Cf. Pace*, 93 F.4th at 899 (no general jurisdiction over non-resident corporation registered to do business in the forum state).

Talisman Specialty and Talisman Holdings similarly fail to carry their burden to plead facts sufficient to make a *prima facie* showing of specific personal jurisdiction over North American and Applied. The Court applies a three-step test to decide if it has specific personal jurisdiction: "(1) whether [North American and Applied] ha[ve] minimum contacts with [Louisiana], *i.e.*, whether [North American and Applied] purposely directed [their] activities toward [Louisiana] or purposefully availed [themselves] of the privileges of conducting activities there; (2) whether [Talisman Specialty and Talisman Holdings'] cause of action arises out of or results from [Defendants'] forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Shambaugh & Son, L.P.*, 91 F.4th at 372 (quotation and citations omitted). If Talisman Specialty and Talisman Holdings satisfy the first two steps, the burden shifts to North American and Applied to show that exercising personal jurisdiction over them would be "unfair or unreasonable." *Id.* (quotation omitted). Because "specific personal jurisdiction is a claim-specific inquiry," Talisman Specialty and Talisman Holdings "must establish" a *prima facie* case of "specific jurisdiction for each claim" they assert against North American and Applied. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quotation omitted).

As for the breach-of-contract claims against North American, Talisman Specialty and Talisman Holdings fail to carry their Rule 12(b)(2) burden to plead facts sufficient to make a *prima facie* case of specific personal jurisdiction over North American. "[O]nly those acts which relate to the formation of the contract[s] and the subsequent breach are relevant" to specific personal jurisdiction for breach-of-

contract claims. *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 489 (5th Cir. 2018) (quotation omitted). "This includes 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985)).

Talisman Specialty and Talisman Holdings do not sufficiently allege facts linking any of those jurisdictionally "relevant" contacts to Louisiana. *Id.* (quotation omitted). For example, Talisman Specialty and Talisman Holdings do not allege facts establishing that either the SPA or the First MGA was signed or negotiated in Louisiana, was breached through acts occurring in Louisiana, called for material performance in Louisiana, or was otherwise "centered" in Louisiana. *See, e.g.*, *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007) (considering the place of performance and where "the contract is centered" (citation omitted)). Nor do Talisman Specialty and Talisman Holdings allege facts allowing the Court to reasonably infer that North American "purposefully established minimum contacts within" Louisiana based on "the terms" of the SPA or the First MGA or based on "the parties' actual course of dealing." *Shumbaugh & Son, L.P.*, 91 F.4th at 373 (quotation omitted). And Talisman Specialty and Talisman Holdings have not otherwise pointed the Court to factual allegations establishing that the SPA or the First MGA themselves "envisioned continuing and wide-reaching contacts with" Talisman Specialty and Talisman Holdings in Louisiana. *Burger King*, 471 U.S. at 480.

The mere fact that North American contracted with Talisman Specialty and Talisman Holdings—domiciliaries of Louisiana—is insufficient to confer specific

7

personal jurisdiction on its own. *See Moncrief Oil Int'l Inc.*, 481 F.3d at 311 (citations omitted). To be sure, Talisman Specialty and Talisman Holdings assert in their motion-to-dismiss opposition, without citation, that "the First MGA and the SPA . . . contemplate a continuing business relationship with residents of this forum," and that the SPA "was negotiated over the course of years, contemplated a two-step closing process, and was accompanied by multiple ancillary agreements that created an ongoing business relationship between the parties."[12] Perhaps all of that is true. But not all of those jurisdictionally relevant facts are adequately included in the original petition. At base, the original petition simply lacks well-pleaded factual allegations establishing that North American had the sort of "substantial and continuing relationship with" Talisman Specialty and Talisman Holdings needed to confer specific personal jurisdiction for their breach-of-contract claims against North American. *See Burger King Corp.*, 471 U.S. at 487. Thus, viewing only the well-pleaded allegations of the original petition, the Court cannot conclude that Talisman Specialty and Talisman Holdings have made a *prima facie* showing of specific personal jurisdiction for their breach-of-contract claims against North American.

As for the intentional-tort claims against both North American and Applied, Talisman Specialty and Talisman Holdings also fail to plead facts sufficient to make a *prima facie* case of specific personal jurisdiction. To make a *prima facie* case of specific personal jurisdiction for those claims, Talisman Specialty and Talisman Holdings may not "rely on [North American and Applied's] random, fortuitous, or

---

[12] ECF No. 20 at 20–21.

attenuated contacts or on the unilateral activity of [Talisman Specialty and Talisman Holdings]." *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.,* 24 F.4th 491, 495 (5th Cir. 2022) (quotation omitted). Talisman Specialty and Talisman Holdings must instead plead facts establishing "intentional conduct" by North American and Applied "that creates the necessary contacts with" Louisiana. *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (citation omitted). Talisman Specialty and Talisman Holdings have not adequately done so. True, Talisman Specialty and Talisman Holdings assert in their motion-to-dismiss opposition, without citation, that North American and Applied "intentionally directed verbal and written communications containing fraudulent misrepresentations to Louisiana domiciliaries."[13] But the original petition itself lacks well-pleaded factual allegations allowing the Court to reasonably infer that either North American or Applied, in fact, committed any intentional act directed at the State of Louisiana. *Cf id.* at 284 (holding that, for specific jurisdiction, "the relationship must arise out of contact the defendant [it]self creates with the forum State" (quotation omitted)). Talisman Specialty and Talisman Holdings do not allege, for example, that any of the "verbal and written communications" referenced in their brief involved North American or Applied and were directed at Louisiana.[14] Thus, viewing only the well-pleaded allegations of the original petition, the Court cannot conclude that Plaintiffs have made a *prima facie* showing of specific personal jurisdiction for their intentional-tort claims against North American and Applied.

---

[13] *Id.* at 21.
[14] *Id.*

\*   \*   \*

The Court has held that Talisman Specialty and Talisman Holdings fail to plead facts sufficient to establish a *prima facie* case of personal jurisdiction over North American and Applied. Still, because (1) Talisman Specialty and Talisman Holdings have not yet amended their original petition, and (2) North American and Applied have not convinced the Court that amendment would be futile, the Court will grant Talisman Specialty and Talisman Holdings an opportunity to amend their original petition to attempt to allege a *prima facie* case of personal jurisdiction over North American and Applied and to otherwise respond to the Rule 12(b)(6) arguments that North America and Applied have raised.

Accordingly,

**IT IS ORDERED** that Talisman Specialty and Talisman Holdings are granted leave to file an amended complaint within 14 days that attempts to plead facts sufficient to establish a *prima facie* case of personal jurisdiction over North American and Applied. If Talisman Specialty and Talisman Holdings fail to timely file an amended complaint, the Court will dismiss this action without prejudice and in its entirety for lack of personal jurisdiction under Rule 12(b)(2).

**IT IS FURTHER ORDERED** that North American and Applied's motion[15] to dismiss is **DENIED** without prejudice to North American and Applied's right to re-urge a motion to dismiss in response to any amended complaint that Talisman Specialty and Talisman Holdings may timely file.

New Orleans, Louisiana, this 28th day of March, 2025.

                                              BRANDON S. LONG
                                              UNITED STATES DISTRICT JUDGE

---

[15] ECF No. 13.